NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FRANK A. BRIGLIA,<br><br>Plaintiff,<br><br>v.<br><br>HORIZON HEALTHCARE SERVICES, INC., d/b/a HORIZON BLUE CROSS/BLUE SHIELD OF NEW JERSEY, et al.,<br><br>Defendants. | Civil Action No. 03-6033(NLH)<br><br>**OPINION** |

**APPEARANCES:**

FRANK P. SPADA, JR., and
JEFFREY A. CARR
PEPPER HAMILTON LLP
301 CARNEGIE CENTER, SUITE 400
PRINCETON, NJ 08543-5276
*Attorneys for Plaintiff and Counter Defendant Frank A. Briglia*

JAMES M. METS
ROOSEVELT PORTER
METS & SCHIRO, LLP
PO BOX 668
WOODBRIDGE, NJ 07095
*Attorneys for Defendants N.J. Bricklayers and Allied Craftsman Health and Welfare Fund and Gary J. Mercadante*

**HILLMAN, District Judge**

Before the Court is plaintiff's motion *in limine* to strike the defendants N.J. Bricklayers and Allied Craftsman Health and Welfare Fund ("BAC") and Gary J. Mercadante's defense that plaintiff, Frank A. Briglia, M.D., lacks standing to pursue claims under the Employee Retirement Income Security Act ("ERISA") on behalf of plan beneficiaries.

Dr. Briglia is a board certified pediatric care physician who brought claims against BAC and Mercadante for their alleged failure to reimburse him for treatment he provided to two of their insureds, minors Dominique H. and Paul K.

BAC's first argument is that Dr. Briglia did not receive an adequate written assignment of benefits from the parents of Dominique and Paul because the assignments were for benefits under Horizon Blue Cross/Blue Shield ("Horizon") or Specare, and not for BAC. Dr. Briglia admits that the assignments were not for BAC but argues that (1) even though the assignments listed Horizon or Specare, the intent of the parents was to assign the rights to benefits under BAC to Dr. Briglia; and (2) if the assignments to Horizon or Specare were deficient, the deficiency was cured when the parents signed additional assignments of benefits under the BAC Fund directly to Dr. Briglia on October 12, 2007.[1] BAC counters that Dr. Briglia did not have an effective assignment when the action was filed and cannot cure the defect later in litigation. BAC's second argument is that even if the assignment was effective and timely, an assignment of

[1] There are three assignments of benefits signed by D.H.'s parent on December 6, 1999 (Ex. 33), January 14, 2004 (Ex. 32A), and October 11, 2007 (Ex. 32), and three assignments of benefits signed by P.K.'s parent on February 13, 2001 (Ex. 33), January 16, 2004 (Ex. 32A), October 12, 2007 (Ex. 32). All six assignments were moved into evidence during trial. In addition, the mother of D.H. and the father of P.K. testified during trial that they signed the assignments for Dr. Briglia.

benefits from a plan participant to a medical provider is not permitted under ERISA.

We first address whether an assignment filed after litigation commenced is effective. BAC argues that the post-filing assignment is not effective and that Dr. Briglia cannot proceed with his claims against BAC. Although the Third Circuit has not directly addressed the issue of whether an assignment made after litigation has commenced is adequate, other circuits courts have found that a post-filing assignment is sufficient if the assignee is the real party in interest. See Dubuque Stone Products Co. v. Fred L. Gray Co., 356 F.2d 718, 723-24 (8th Cir. 1966); Kilbourn v. Western Sur. Co., 187 F.2d 567 (10th Cir. 1951).

Federal Rule of Civil Procedure 17(a) provides that every action shall be prosecuted in the name of the real party in interest, and that no action shall be dismissed on the ground that it is not being prosecuted by the real party in interest without allowing for a reasonable amount of time for ratification. See Fed.R.Civ.P. 17(a). In Dubuque, the court held that the assignment was valid even though it was made after suit had been filed. Id. at 723-24. It found no prejudice to the defendant had resulted since the time of filing and the plaintiff was the real party in interest. Id. Courts in later decisions followed this reasoning and found that "... an assignment of interest should be

recognized provided the assignment occurs before trial, the plaintiff is a real party in interest in at least one other claim, and the defendant suffers no prejudice from its recognition." Infodek, Inc. v. Meredith-Webb Printing Co., Inc., 830 F.Supp. 614, 620 (N.D.Ga. 1993).

Here, Dr. Briglia filed the action against BAC, litigated all aspects of his claims and obtained an assignment before trial. Defendants have not provided any evidence that they would be prejudiced from a recognition of the assignment at this time and there appears to be none based on the record. Thus, Dr. Briglia is the real party in interest in this litigation and the assignment is recognized.

Finding that the technical aspects of the assignment are adequate, we turn to whether an assignment of medical benefits by the plan participant to a medical provider is valid under ERISA in this Circuit. Plan participants or beneficiaries are empowered to bring a civil action against the plan to recover benefits due. See 29 U.S.C. § 1132(a). The issue here is whether the plan participants can assign that right to their medical provider, Dr. Briglia. Although the Third Circuit has not ruled on this issue, Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 400-401 (3d Cir. 2004), district courts in this Circuit have found that such an assignment is permissible. See Wayne Surgical Ctr. v. Concentra

Preferred Sys, No. 06-928, 2007 WL 2416428, at *4 (D.N.J. Aug. 20, 2007); Gregory Surgical Services, LLC v. Horizon Blue, No. 06-0462, 2007 WL 4570323, at *3 (D.N.J. Dec. 26, 2007)(stating that Congress' silence on whether health benefits are assignable under ERISA, "when viewed against ERISA's express prohibition against the assignment of pension benefits, has been construed by courts as an indication that health care benefits are assignable.") (citing Wayne, 834 F. Supp. at *4); Children's Hosp. of Phila. v. 84 Lumber co. Medical Benefits Plan, 834 F. Supp. 866, 869 (W.D. Pa. 1993).

In Wayne, the court held that ERISA health benefits are assignable to a medical provider. Id. Under ERISA, Congress prohibited pension plans to be assigned. Id. However, Congress chose not to include a similar anti-assignment clause for health benefits under the ERISA statute. Id. The court concluded that the absence of the anti-assignment clause for health benefits foretold Congress's intent to permit such an assignment. Id. Other courts have also acknowledged the policy consideration in allowing medical providers to pursue claims on behalf of their patients so as to avoid billing the patient directly and possibly disrupting his finances while reducing the risk of non-payment. See Hermann Hosp. v. MEBA Med. & Ben. Plan, 845 F.2d 1286, 1289

n. 13 (5th Cir. 1988).[2]

Given the language of the statute and the policy considerations underlying it, the Court finds that ERISA does not prohibit the assignment of benefits by a beneficiary or participant (or his representative) to a medical provider who has directly provided medical treatment to the beneficiary or participant. Therefore, Dr. Briglia, who received an assignment of benefits from BAC's insureds, has standing to pursue his claim under ERISA.

**CONCLUSION**

The assignment provided by the parents of Dominique H. and Paul K. of their rights for benefits under the BAC Fund to Dr. Briglia is adequate since Dr. Briglia is the real party in interest, the assignment was provided before trial, and there has been no showing of prejudice by the defendants. Dr. Briglia has standing to bring a claim under ERISA since the beneficiaries

[2] Some decisions in this circuit have concluded that an assignee does not have standing to bring an ERISA action. See Allergy Diagnostics Lab. v. The Equitable,785 F.Supp. 523 (W.D.Pa. 1991) and Nationwide Mut. Ins. Co. v. Teamsters Health & Welfare Fund, 695 F.Supp. 181, 185 (E.D.Pa. 1988). Although we recognize the decisions of our sister courts, we find the underlying reasoning in support of permitting an assignee to bring an ERISA claim persuasive. See, e.g., Winter Garden Medical Ctr. v. Montrose Foods Prods. of Pa., Inc., No. 91-2327, 1991 WL 124577 (E.D.Pa. July 3, 1991) (contrasting the complex provisions of ERISA prohibiting assignment of pension benefits with the absence of any prohibition against assigning medical benefits; relying on Misic v. Building Service Employees Health and Welfare Trust,789 F.2d 1374 (9th Cir. 1986)).
under the Plan assigned their rights to him and such an assignment is not expressly prohibited by the ERISA statute.

                                                   s/Noel L. Hillman
                                       NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

Date: March 31, 2008