UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FRANK A. BRIGLIA, | : | |
| | : | Civil Action No. |
| Plaintiff, | : | 03-6033-NLH-JS |
| | : | |
| v. | : | **MEMORANDUM** |
| | : | **OPINION & ORDER** |
| HORIZON HEALTHCARE SERVICES, | : | |
| INC., et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES**:

FRANK P. SPADA, JR.
JEFFREY A. CARR
PEPPER HAMILTON LLP
301 CARNEGIE CENTER, SUITE 400
PRINCETON, NJ 08543

	*Attorneys for Plaintiff*

CHARLES R. VIRGINIA
VIRGINIA & AMBINDER, LLP
TRINITY CENTRE
111 BROADWAY
14TH FLOOR
NEW YORK, NY 10006

	*Attorneys for Defendants*

**HILLMAN, District Judge**

	This matter having come before the Court on the Court-ordered supplemental briefing on the issue of prejudgment interest, which was awarded to plaintiff in the Court's October 21, 2010 Fed. R. Civ. P. 52(a)(1) Opinion; and

	The Court having found, *inter alia*, that the defendant health fund improperly denied the payment of benefits to

plaintiff in the amount of $670,539.58, and that plaintiff was entitled to prejudgment interest on this award; but

The Court having left the question of what interest rate to apply "for another day"; and

The Court having ordered the parties to submit briefing on the issue; and

The parties having complied; and

Plaintiff arguing that because ERISA is silent on the issue of prejudgment interest, and several courts have looked to state law for the applicable rate, this Court should apply New Jersey's Prompt Pay Act, which imposes a 12% interest rate; and

Plaintiff thus contending that he is entitled to $455,917.81 in prejudgment interest, which encompasses the time when the payments were due to plaintiff up until the Court's October 21, 2010 decision; and

In contrast, defendants arguing that the prejudgment interest rate should be calculated based on the statutory post-judgment interest rate set forth in 28 U.S.C. § 1961, which is "equal to the weekly average 1-year constant maturity Treasury yield for the preceding calendar week"; and

Accordingly, defendants contending that plaintiff is only entitled to $10,258.15 in prejudgment interest; and

This Court recognizing that the Third Circuit has found that "prejudgment interest [is] available where the beneficiary had

brought suit under ERISA to recover unpaid benefits," but that the Third Circuit has not "offer[ed] extensive guidance for deciding what rate of interest is appropriate in a given case," Holmes v. Pension Plan of Bethlehem Steel Corp., 213 F.3d 124, 131 (3d Cir. 2000) (citations omitted); however,

The Third Circuit in Holmes having affirmed the district court's rejection of the plaintiffs' request for a 12% interest rate[1], and approved the application of the rate provided for in § 1961, finding that the district court did not abuse its discretion in determining that the plan did not act in bad faith, and in determining that the plaintiffs would be fully compensated by interest paid at the statutory post-judgment rate, Holmes, 213 F.3d at 133; and

The Third Circuit further finding in Holmes that if the plaintiffs were awarded "interest at a higher rate then they would have earned had they invested their benefits on their own behalf would go beyond making them whole," and

The Holmes court further noting that "'ERISA does no more than protect the benefits which are due to an employee under a plan,'" id. (quoting Bennett v. Conrail Matched Savings Plan, 168

---

[1]The twelve percent proposed rater was not based on state law, such as that advocated by plaintiff here, but rather it was the rate of interest that the defendant Plan actually earned while the plaintiffs' benefits were withheld.  Holmes, 213 F.3d at 132.  As explained herein, regardless of the source of plaintiff's proposed interest rate, the rate provided for in § 1961 is more appropriate in this case.

3

F.3d 671, 677 (3d Cir. 1999)); and

The Third Circuit also recognizing that "the purpose of granting equitable relief under ERISA is simply to place the plaintiff in the position he or she would have occupied but for the defendant's wrongdoing," id. (citation and quotations omitted); and

This Court noting that many courts in this Circuit, and through out the country, have similarly applied the interest rate found in § 1961 in cases where a benefits plan has been found to owe a plaintiff for unpaid benefits, even where there has been a finding of bad faith, see, e.g., Sheehan v. Guardian Life Ins. Co., 372 F.3d 962, 968 (8th Cir. 2004) (declining to apply state law providing for 12% interest and instead applying the § 1961 rate); National Sec. Systems, Inc. v. Iola, 2010 WL 3825712, *8 (D.N.J. Sept. 24, 2010) (declining the imposition of a 8.25% rate requested by plaintiff and instead applying the § 1961 rate); Kuhn v. Prudential Ins. Co. of America, 2008 WL 2683100, *3 (E.D. Pa. 2008) (finding bad faith and applying the § 1961 rate); Music v. Prudential Ins. Co. of America, 2007 WL 3085606, *1 (M.D. Pa. 2007) (same); and

The Court further noting that the determination of whether to award prejudgment interest, as well as the determination as to what amount, is at this Court's discretion, see Fotta v. Trustees of United Mine Workers of America, Health & Retirement Fund of 1974, 165 F.3d 209, 214 (3d Cir. 1998) (explaining that the

4

awarding of prejudgment interest is "equitable in nature" and "its award involves an exercise of judicial discretion"); and

The Court finding that the imposition of a 12% interest rate, regardless of its source,[2] totaling over $450,000 in prejudgment interest on a $670,000 judgment, is not equitable in this case, where there has been no finding of bad faith, and no award of attorney's fees and costs; and

The Court finding persuasive the rationale of numerous other courts that have applied the interest rate provided for in § 1961;

Therefore,

**IT IS HEREBY** on this <u>17th</u> day of <u>June</u>, 2011

**ORDERED** that plaintiff's motion for an order fixing prejudgment interest [169] is **GRANTED IN PART AND DENIED IN PART** as follows:

Prejudgment interest shall be calculated as set forth by plaintiff's Exhibits A-C, Docket No. 169-2[3], except that the 12% interest rate shall be replaced by the "rate equal to the weekly average 1-year constant maturity Treasury yield for the preceding calendar week," § 1961(a), which was .22% for the week prior to

---

[2]The parties dispute whether ERISA preempts this Court's application of a state's law such as New Jersey's Prompt Pay Act. The Court makes no decision on this issue.

[3]Plaintiff explains that the calculation is of annually compounded interest from the latest date which each particular bill would have been due through October 21, 2010, the date of the judgment.

October 21, 2010[4], the date of the Court's Fed. R. Civ. P. 52(a)(1) Opinion and Order; and it is further

**ORDERED** that plaintiff shall file with the Court an updated certification showing the appropriate calculations within 10 days of the date of this Order; and it is further

**ORDERED** that defendants shall have 10 days thereafter to file any response thereto; and it is further

**ORDERED** that final judgment will be entered following the Court's consideration of the parties' additional submissions.


        s/ Noel L. Hillman

At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.

---

[4]The rate was obtained from http://www.treasury.gov/resource-center/data-chart-center/interest-rates/Pages/TextView.aspx?data=billRatesYear&year=2010