UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FRANK A. BRIGLIA, | : | |
| | : | Civil Action No. |
| Plaintiff, | : | 03-6033-NLH-JS |
| | : | |
| v. | : | **MEMORANDUM** |
| | : | **OPINION & ORDER** |
| HORIZON HEALTHCARE SERVICES, | : | |
| INC., et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES**:
FRANK P. SPADA, JR.
JEFFREY A. CARR
PEPPER HAMILTON LLP
301 CARNEGIE CENTER, SUITE 400
PRINCETON, NJ 08543
    *Attorneys for Plaintiff*

CHARLES R. VIRGINIA
VIRGINIA & AMBINDER, LLP
TRINITY CENTRE
111 BROADWAY
14TH FLOOR
NEW YORK, NY 10006
    *Attorneys for Defendants*

**HILLMAN, District Judge**

    This matter having come before the Court on plaintiff's motion for reconsideration of the Court's Order granting in part and denying in part plaintiff's request for prejudgment interest; and

    Plaintiff having argued in his request for prejudgment interest that he was entitled to prejudgment interest calculated with a 12% interest rate; but

    The Court having awarded plaintiff prejudgment interest as

"the 'rate equal to the weekly average 1-year constant maturity Treasury yield for the preceding calendar week,' § 1961(a), which was .22% for the week prior to October 21, 2010, the date of the Court's Fed. R. Civ. P. 52(a)(1) Opinion and Order" (Docket No. 179 at 5-6, footnotes omitted); and

In his current motion for reconsideration of that decision, plaintiff having not challenged the Court's application of § 1961(a), but instead having argued that it was unfair and inequitable to apply the October 21, 2010 fixed interest rate to all monies due plaintiff, because those payments were owed to plaintiff in 2002 through 2007; and

Plaintiff arguing that the proper interest rate the Court should apply is the rate for the year payment was due to him (e.g., the 2002 rate should be applied to payments due to plaintiff in 2002, the 2003 rate should be applied to payments due to plaintiff in 2003, etc.) because the interest rates were higher in 2002 through 2007 than in 2010; but

The Court finding plaintiff's argument unavailing because he has not met the standard to warrant reconsideration of the Court's decision, for two reasons:

First, plaintiff has improperly raised for the first time in his motion for reconsideration that a variable interest rate pursuant to § 1961(a) should be applied (see P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J.

2001) (prohibiting the argument of new matters that could have been raised before the original decision was reached)), and

Second, plaintiff has not persuaded the Court that the application of a fixed .22% interest rate constitutes "manifest injustice," (see Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)), particularly because the determination of whether to award prejudgment interest, as well as the determination as to what amount, is at this Court's discretion, (see Fotta v. Trustees of United Mine Workers of America, Health & Retirement Fund of 1974, 165 F.3d 209, 214 (3d Cir. 1998) (explaining that the awarding of prejudgment interest is "equitable in nature" and "its award involves an exercise of judicial discretion"));

Therefore,

**IT IS HEREBY** on this 4th day of January, 2012

**ORDERED** that plaintiff's motion for reconsideration of the Court's order fixing prejudgment interest [181] is **DENIED**.

An Order granting final judgment will be entered.[1]

At Camden, New Jersey

    s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

[1] In the Court's prior order, plaintiff was directed to file an updated certification showing the appropriate calculations of prejudgment interest using the court-determined interest rate. Plaintiff complied with that order, and defendant has not challenged plaintiff's new certification.

3